IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cr-10052-STA |
| ) | |
| JA'QUON ROBERSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER OF DETENTION**

Before the Court is Defendant Ja'Quon Roberson's Motion for Bail Hearing and Review of Detention Order (ECF No. 21) filed on July 19, 2021. The United States of America has responded in opposition. For the reasons set forth below, the United States Magistrate Judge's order of detention is **AFFIRMED**.

**BACKGROUND**

On June 4, 2021, the United States filed a Criminal Complaint against Roberson, alleging that he had possessed a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The same day, the Magistrate Judge issued a warrant for Roberson's arrest. On June 14, 2021, a federal grand jury sitting in the Western District of Tennessee returned a four-count indictment against Roberson, charging him with two counts of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3); one count of distributing and possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm in furtherance of a drug trafficking crime

1

in violation of 18 U.S.C. § 924(c).[1] The indictment also seeks the forfeiture of any proceeds derived from Defendant's alleged drug dealing activities. On July 1, 2021, Roberson had his initial appearance, at which time the Magistrate Judge appointed CJA counsel to represent Roberson and entered an order of temporary detention. Following a full detention hearing on July 7, 2021, the Magistrate Judge found probable cause for the charge and ordered Roberson's detention pending trial.

Roberson now requests review of the Magistrate Judge's detention order. In his written brief, Roberson specifically denies that he poses a danger to the community. Roberson has minimal criminal history. He further argues that police permitted him to remain in the community for months as they broadened their investigation. Authorities executed a search warrant at Roberson's home in September 2020 and discovered the evidence forming the basis for the charges against Roberson. However, the government did not file the criminal complaint until June 2021. Under these circumstances, Roberson believes the Magistrate Judge erred in determining that Roberson was too dangerous for pretrial release.

The government disagrees. The United States points out that the charges against Roberson carry a rebuttable presumption of dangerousness and argues that Roberson has not overcome the presumption. The evidence received by the Magistrate Judge at the detention hearing showed that Roberson was arrested in May 2021 in possession of 21 pounds of marijuana and two firearms. The government also introduced evidence that Roberson had posted threats against local law enforcement on social media. The government argues therefore that Roberson

---

[1] On July 12, 2021, the grand jury made substantially similar charges against Roberson in a superseding indictment in case no. 1:21-cr-10063. In addition to firearms and drug offenses mirroring those alleged in this case, the superseding indictment in no. 1:21-cr-10063 also charged Roberson and ten other individuals with conspiring to distribute marijuana, a violation of 21 U.S.C. § 846.

has not overcome the presumption in favor of detention.

## STANDARD OF REVIEW

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(e).  The United States Supreme Court has explained that the Bail Reform Act "operates only on individuals who have been arrested for a specific category of extremely serious offenses," *United States v. Salerno*, 481 U.S. 739, 750 (1987), defined in 18 U.S.C. § 3142(f) to include a drug "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)" or "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm . . . ."  18 U.S.C. § 3142(f)(1)(C) & (E).  "Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest."  *Salerno*, 481 U.S. at 751 (citing S.Rep. No. 98–225, at 6–7).

## ANALYSIS

Based on its *de novo* review of the Magistrate Judge's order, the testimony and evidence at the detention hearing, and the entire record of the proceedings, the Court agrees with the Magistrate Judge that detention is warranted in this case.  Roberson is charged with a violation of 18 U.S.C. § 924(c), which carries a presumption in favor of detention.  *See* 18 U.S.C. § 3142(e)(3)(B) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense under section 924(c) . . . ."); *see also* § 3142(g)(1) (directing judicial

officers to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

There is probable cause to believe Roberson committed the drug trafficking and firearms charges alleged against him. "[C]ourts making bail determinations are stuck . . . with the grand jury's finding" of probable cause. *Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014) (restating that "an indictment returned by a proper grand jury 'conclusively determines the existence of probable cause'"). The grand jury has returned an indictment against Roberson charging him with distributing marijuana in violation of the Controlled Substances Act and possessing a firearm in furtherance of his drug crime. The alleged violation of section 924(c) alone suffices to trigger § 3142's presumption that no condition or combination of conditions will reasonably assure Roberson's appearance and the safety of the community.

Faced with the presumption in favor of detention, the burden of production now shifts to Roberson. "A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Roberson's burden is not heavy and is only a burden of production; the government retains at all times the burden of persuasion. *Id.* And yet the presumption itself never actually disappears because the Bail Reform Act "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.* (citations omitted). In the final analysis, a defendant must "present all the special features of his case" that take it outside "the congressional paradigm." *Id.* at 946.

The Court holds that Roberson has not produced evidence to make such a showing here and

overcome the presumption in favor of detention. Roberson's mother Tracy Roberson testified at the detention hearing. Ms. Roberson addressed her son's ties to the area and stated in her testimony that her son once attended Austin Peay State University to play football and was living with roommates in Dyersburg, Tennessee, in 2020. According to Ms. Roberson, her son was recently taking classes with an intent to enroll in the University of Tennessee at Martin. Ms. Roberson acknowledged on cross-examination that her son was not employed to her knowledge and relies on her for financial help. In addition to his family and personal ties to the area, Roberson also points to the proof that police first executed a search warrant at his home in September 2020 but then waited several months before bringing charges against him. Roberson asserts then that he cannot be a danger to the community. Robinson's family background and his attempts to pursue his education, however admirable, are not the kind of special features that would take his case outside the Bail Reform Act's paradigm. *Stone*, 608 F.3d at 946.

The proof presented at the detention hearing only reinforces that conclusion. The Magistrate Judge received testimony from Officer Vincent McDowell, the Dyersburg Police officer who executed a search warrant at Roberson's home in September 2020. Officer McDowell recovered two firearms and a small quantity of marijuana. Roberson was mirandized and told police he used the guns for personal protection. Officers observed what appeared to be bullet holes in the walls of the residence. And while it is true that the police recovered only a small amount of narcotics in September 2020, officers obtained the search warrant, in part, by conducting a controlled buy from Roberson prior to the search of his residence. There was also testimony that Roberson had boasted on social media about tossing a backpack filled with marijuana outside his home before police could execute the search.

The seriousness of Roberson's more recent criminal conduct in the months since September 2020 also underscores the danger he poses to the community. The Magistrate Judge heard evidence that Roberson was arrested in May 2021 after law enforcement executed a second search of his home, this time finding a rifle with a high-capacity magazine and a chambered round, a pistol (also with a chambered round), and over 20 pounds of marijuana. The government also introduced evidence that following the second search, Roberson posted videos and messages on social media in which he threatened the officers who had executed the search warrants and their families. Roberson was later arrested in June 2021 for retaliation against an officer based on evidence Roberson had offered a reward for the officer's murder on social media. Weighing this evidence, which is by no means insignificant, along with the presumption in favor of detention, the Court finds no error in the Magistrate Judge's determination that Roberson poses a danger to the community.

## CONCLUSION

The Court **AFFIRMS** the decision of the Magistrate Judge and orders that Roberson be detained pending the outcome of the charges against him.

Consistent with 18 U.S.C. § 3142(i), the Court directs that Roberson be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court further directs that Roberson be afforded reasonable opportunity for private consultation with counsel and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Roberson is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

Date:    August 11, 2021.